FILED & JUDGMENT ENTERED
Steven T. Salata

January 5 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **ELIZABETH COLE,** | ) | Chapter 13 |
| | ) | Case No. 16-30960 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| **ELIZABETH COLE,** | ) | |
| **VINCENT LINEBERGER,** | ) | |
| **WARREN L. TADLOCK, Standing** | ) | |
| **Chapter 13 Trustee,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 16-03304 |
| | ) | |
| **JAMES B. NUTTER & COMPANY,** | ) | |
| **SUBSTITUTE TRUSTEE SERVICES,** | ) | |
| **INC.,** | ) | |
| **SECRETARY OF HOUSING AND** | ) | |
| **URBAN DEVELOPMENT,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS JAMES B. NUTTER & CO. AND SUBSTITUTE TRUSTEE SERVICES, INC.'S MOTION TO DISMISS (DOC. NO. 7), DENYING PLAINTIFFS' MOTION TO JOIN CHAPTER 13 TRUSTEE AS PLAINTIFF (DOC. NO. 12), AND DISMISSING COMPLAINT IN ITS ENTIRETY**

**THIS MATTER** is before the court on the Motion to Dismiss

Plaintiffs' Complaint for Avoidance of Transfers and Recover Preference Pursuant to 11 U.S.C. 547, 548(b)(1)(B) ("Motion") filed by Defendants James B. Nutter & Co. ("Nutter") and Substitute Trustee Services, Inc. ("STS") and on the Plaintiffs'[1] Motion to Joinder Chapter 13 Trustee as a Named Party Plaintiff in Preference Adversary Proceeding ("Joinder Motion"). As will be discussed, the Plaintiffs do not have standing to sue under 11 U.S.C. §§ 544(b), 547(b), and 548 without the Chapter 13 Trustee, and the Trustee may not be joined under FED. R. BANKR. P. 7019 to cure the Plaintiffs' problem with standing. Accordingly, the Motion should be granted, and the Joinder Motion should be denied.

## Background

Plaintiffs, Cole and Lineberger, filed the Complaint in this adversary proceeding on August 18, 2016[2] listing claims under §§ 544(b), 547(b) and 548 along with a claim under § 550 in an attempt to avoid a pre-petition foreclosure. The Chapter 13 Trustee was also listed as a plaintiff, but the Trustee never signed the Complaint. Nutter and STS filed their Motion on September 19, 2016. In the Motion, Nutter and STS argued that a

---

[1] Whenever this Order refers to the "Plaintiffs" in this adversary proceeding, it is referring to Cole and Lineberger only.
[2] Cole filed the base bankruptcy case on August 18, 2016 individually. Although this Order's holding does not cover this issue, the court notes that it is, at best, skeptical of Lineberger's ability to participate as a non-debtor plaintiff in this adversary proceeding. See Rushing v. Green Tree Servicing, LLC, (In re Rushing), 443 B.R. 85, 100—01 (Bankr. E.D. Tex. 2010) (ruling that the debtor's non-filing spouse did not have standing to pursue a claim under 11 U.S.C. § 362(k)).

2

Chapter 13 debtor did not have the power to bring the claims under §§ 544(b), 547(b), and 548 without the Chapter 13 Trustee, and the Complaint should be dismissed under Fed. R. Bankr. P. 7012 because the Trustee had not been properly joined as a plaintiff pursuant to Fed. R. Bankr. P. 7017. In response, the Plaintiffs filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss Adversary Proceeding ("Response Memorandum") on October 20, 2016. The Response Memorandum noted that the Motion did not reference a case that would bind this court, and the Response Memorandum then cited to numerous cases that purported to give the Plaintiffs the right to bring the claims asserted in the Complaint notwithstanding the absence of the Trustee's voluntary participation as a plaintiff. Along with the Response Memorandum, the Plaintiffs filed the Joinder Motion (without a notice of hearing) on October 20, 2016 requesting that the Trustee be joined as a plaintiff pursuant to Fed. R. Bankr. P. 7019. The Trustee then filed his objection (Doc. No. 18) to the Joinder Motion on November 3, 2016, saying he did not want to be joined as a plaintiff because the Complaint had no merit and the bankruptcy estate had no interest in pursuing the asserted claims.

    The court conducted a hearing on the Motion on November 8, 2016 where the Plaintiffs and Trustee appeared in person and Nutter and STS appeared through their counsel, William F. Kirk.

At the November 8 hearing, the parties largely reiterated their respective positions in regard to whether the Plaintiffs had independent standing to sue under §§ 544(b), 547(b), and 548. Although it was not technically before the court at the November 8 hearing, the Trustee and the Plaintiffs both made arguments in relation to the Joinder Motion. The Trustee maintained that there was no basis for the Joinder Motion if its only purpose was to allow the Plaintiffs to have standing. Lineberger contended that the Trustee was a necessary party and should be added as a plaintiff, referencing this court's decision in Stiles v. Vaden (In re Bechtold), No. 13-03046, No. 10-30013, 2014 WL 585304 (Feb. 14, 2014), and the United States Bankruptcy Court for the Western District of Missouri's decision in Wood v. Mize (In re Wood), 301 B.R. 558 (2003). At the conclusion of the November 8 hearing, the court announced that the Motion should be granted and that it was also appropriate to deny the Joinder Motion.

### Law & Application

**I. Standard for a Motion to Dismiss**

"In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." Robinson v. World Omni Fin. Corp. (In re Robinson), No. 10-00151-8-SWH-AP, No. 10-01996-8-SWH, 2011 WL 352433, at *2 (Bankr. E.D.N.C. Feb.

4

1, 2011) (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009)). "However, before considering application of that standard to the facts and law presented by the parties, the court must address the issue of standing, which is determined as of the time the action was commenced." Id. (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 570 (1992)). Since it is disputed whether the Plaintiffs have standing to employ their Chapter 5 avoidance claims without the Trustee, the court will first discuss Cole and Lineberger's standing to bring the claims under §§ 544(b), 547(b), and 548 independently.

**II. Cole and Lineberger's Independent Standing to Bring Claims under §§ 544, 547, and 548**

This court has not ruled on whether a Chapter 13 debtor may bring claims under §§ 544(b), 547(b), and 548 without a Chapter 13 trustee, and there appears to be no binding precedent.[3] Some courts have held that a Chapter 13 debtor may "exercise [the trustee's Chapter 5 avoidance powers] concurrently with a [Chapter 13] trustee." Mitrano v. United States (In re Mitrano), 468 B.R. 795, 801 (E.D. Va. 2012) (citing Freeman v. Eli Lilly Fed. Credit Union (In re Freeman), 72 B.R. 850 (Bankr. E.D. Va. 1987)). However, as will be discussed, this court adopts the

---

[3] In In re Lee, the United States District Court for the District of South Carolina ruled that a Chapter 13 debtor did not have standing to pursue a claim under § 544 independent of the trustee. 432 B.R. 212, 215 (2010). In an unpublished decision, the Fourth Circuit affirmed the district court's decision in Lee, but it did so based on collateral estoppel and without addressing whether the debtor had standing. Lee v. Anasti (In re Lee), 461 F. App'x 227, 235 (4th Cir. 2012) (per curiam).

5

contrary position taken by the majority of courts, id., that Chapter 13 debtors do not have independent standing to bring avoidance claims under Chapter 5 that the Bankruptcy Code expressly reserves for the trustee, see, e.g., Mitrano, 468 B.R. at 801–02; In re Lee, 432 B.R. 212, 215 (D.S.C. 2010); Hollar v. United States (In re Hollar), 174 B.R. 198, 203 (M.D.N.C. 1994); Robinson, 2011 WL 352433, at *2–3; Ryker v. Current (In re Ryker), 315 B.R. 664, 668–70 (Bankr. D.N.J. 2004).

When a statute gives a right to a particular party, it should be presumed that the right in question vests exclusively with that party. Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6–7 (2000) (citations omitted). Notably, §§ 544(b), 547(b), and 548 all provide that the "trustee" may avoid certain transfers, not the debtor. While debtors under Chapters 11 and 12 of the Bankruptcy Code are given the trustee's power to bring claims under §§ 544(b), 547(b), and 548, a debtor is not afforded this power under Chapter 13. Robinson, 2011 WL 352433, at *3. In fact, § 1107 and § 1203 respectively give Chapter 11 and 12 debtors the general powers of a trustee subject to certain exceptions while § 1303 actually limits a Chapter 13 debtor's trustee powers to specific provisions under § 363. See id. at *2–3 (noting that the language of § 1303 "clearly indicates that [C]hapter 13 debtors were not granted the trustee's avoidance powers found in

6

[C]hapter 5 of the Code"). A Chapter 13 debtor may bring a limited avoidance action under § 522(h), but that provision explicitly gives the applicable right to "[t]he debtor." Ryker, 315 B.R. at 670. Congress chose to give debtors the independent right to bring avoidance actions through the Bankruptcy Code's express terms in §§ 522(h), 1107, and 1203. Similarly, Congress could have given a Chapter 13 debtor the independent right to bring claims under §§ 544(b), 547(b), and 548, but Congress chose not to. See Hollar, 174 B.R. at 203 (noting that Congress gave a Chapter 11 debtor independent standing to sue under § 548, but it did not give such standing to a Chapter 13 debtor). As such, the court rules that the Plaintiffs do not have standing to bring the claims under §§ 544(b), 547(b), and 548 independent of the Trustee.[4]

---

[4] This court, like other courts, finds the analysis of the Supreme Court of the United States in Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A., 530 U.S. 1 (2000), to be similar to the issue of whether a Chapter 13 debtor has standing to pursue avoidance claims that Chapter 5 of the Bankruptcy Code assigns to the trustee. E.g., Mitrano v. United States (In re Mitrano), 468 B.R. 795, 801—02 (E.D. Va. 2012); Lee, 432 B.R. at 215; Ryker v. Current (In re Ryker), 315 B.R. 664, 669 (Bankr. D.N.J. 2004). In Hartford Underwriters, the Supreme Court held that an administrative claimant could not employ § 506(c) to recover the costs associated with insuring property of the bankruptcy estate. 530 U.S. at 4, 13—14. In reaching its conclusion, the Supreme Court in Hartford Underwriters pointed out that the Bankruptcy Code only gave the " 'trustee' " the explicit right to recover under § 506(c) while § 502(a) and § 503(b)(4) were not as exclusive. See id. at 7 (noting that § 502(a) deemed a claim as allowed unless " 'a party in interest' " objected and § 503(b)(4) allowed " 'an entity' " to request payment for an administrative expense). The Hartford Underwriters Court also observed that limiting recovery under § 506(c) to the trustee was appropriate because the trustee "has a unique role in bankruptcy proceedings[,] mak[ing] it entirely plausible that Congress would provide a power to him and not to others." Id.

7

**III. Joinder of the Chapter 13 Trustee as an Involuntary Plaintiff**

The Plaintiffs construe FED R. BANKR. P. 7019 as a way to fix their problem with statutory standing by joining the Trustee as an involuntary plaintiff. FED. R. BANKR. P. 7019 makes FED. R. CIV. P. 19 ("Rule 19") applicable to bankruptcy adversary proceedings, and the Trustee may very well be a required party under Rule 19(a)(1)(A). Yet, the law reluctantly thrusts " ' "the procedural burdens of a plaintiff" ' " on a party who did not commence a lawsuit. Thomas v. Carmeuse Lime & Stone, Inc., No. 7:12-CV-00413-JCT, 2013 WL 5491875, at *2—3 (W.D. Va. Oct. 2, 2013) (quoting Hicks v. Intercontinental Acceptance Corp., 154 F.R.D. 134, 135 (E.D.N.C. 1994)). Bearing this in mind, Rule 19(a)(2) provides for the joinder of a required party as an involuntary plaintiff only "in a proper case." In order for a "proper case" to exist, the following three requirements must be satisfied: (1) the involuntary plaintiff must have " ' "an obligation to permit its name or title to be used to protect rights asserted in the action;" ' " (2) the involuntary plaintiff must be beyond the court's jurisdiction; and (3) the involuntary plaintiff must have " ' "refused to voluntarily join in the action following notification thereof." ' " Id. at *3 (quoting Hicks, 154 F.R.D. at 135). Here, the Trustee has refused to join in the action, but he has no obligation to let the Plaintiffs use his name or title and he is within the

8

court's jurisdiction. Accordingly, the instant case is not the "proper case" to mandate that the Trustee be added as an involuntary plaintiff under Rule 19.

More to the point, allowing the Plaintiffs to use Rule 19 as a post hoc mechanism to gain standing when they have none would be repugnant to foundational principles of federal jurisdiction, especially since the standing inquiry is made at the commencement of an action, see Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 155 (4th Cir. 2000) (noting that, "[i]n addition to meeting the 'irreducible' constitutional minimum," "an individual must also satisfy any statutory requirements for standing before bringing suit" (quoting Defs. of Wildlife, 504 U.S. at 560)). Indeed, courts have declined to allow an existing plaintiff to join an involuntary plaintiff when the existing plaintiff did not have standing to commence the action. E.g., Coast v. Hunt Oil Co., 195 F.2d 870, 872 (5th Cir. 1952) (citation omitted); Nat'l City Bank of Mich. v. Forthright III, LLC, No. 08-12540, 2009 WL 236126, at *6 (E.D. Mich. Feb. 2, 2009) (citations omitted); Underground Constr. Co. v. San Francisco, No. C 01-3707 MMC, 2002 WL 1585628, at *2 (N.D. Cal. July 15, 2002) (citation omitted); Ctr. States, Se. and Sw. Areas Pension Fund v. Robbins (In re Interstate Motor Freight Sys. IMFS, Inc.), 71 B.R. 741, 746 (Bankr. W.D. Mich. 1987) (citation omitted). Assuming,

9

arguendo, that the text of Rule 19 was satisfied, the court concludes it would still be improper to join the Trustee as an involuntary plaintiff because it appears he would only be joined so the Plaintiffs can bridge their standing gap.

Try as they might, the Plaintiffs' references to the decisions in Bechtold and Wood do not persuade the court that the Trustee should be joined as an involuntary plaintiff. Bechtold is distinguishable from this case because the Chapter 7 trustee commenced the action in Bechtold and the Rule 19 issue related to the joinder of defendants. 2014 WL 585304, at *1, *6. In addition, this court concluded in Bechtold that the parties sought to be joined were not necessary parties under Rule 19, id. at *6–7, a conclusion that is not convenient for the Plaintiffs' position. This court acknowledges that the Wood court required a Chapter 13 trustee to be joined as a plaintiff after ruling that the Chapter 13 debtors did not have independent standing to pursue a claim under § 547. 301 B.R. at 562. However, while the Chapter 13 trustee in Wood may have been a required party, there is no indication that he resisted being joined as a plaintiff nor is there any specific discussion in the Wood decision of the trustee being added as an involuntary plaintiff under Rule 19. In any event, even if the trustee in Wood was joined as an involuntary plaintiff, this court would still not construe a rule of procedure in a way that defeats the

10

Bankruptcy Code's express terms and fundamental concepts of statutory standing in federal courts. The Plaintiffs did not have standing to bring the claims under §§ 544(b), 547(b), and 548 when they commenced this action, and it would be improper to let them use Rule 19 as a cure for their standing ailment after the fact.

## Conclusion

Based on the foregoing, the court **GRANTS** the Motion and **DENIES** the Joinder Motion. The Clerk is instructed to list the Chapter 13 Trustee as a terminated plaintiff on the docket. Since the claim under 11 U.S.C. § 550 is based on the claims under §§ 544(b), 547(b), and 548 that were brought without standing, the § 550 claim should be dismissed as well. The Complaint is, therefore, **DISMISSED WITH PREJUDICE** in its entirety as to all Defendants.

**SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

11