FILED & JUDGMENT ENTERED
Steven T. Salata

February 6 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **ELIZABETH COLE,** ) | Chapter 13 |
| ) | Case No. 16-30960 |
| Debtor. ) | |
| _____) | |
| ) | |
| **ELIZABETH COLE,** ) | |
| **VINCENT LINEBERGER,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Adversary Proceeding |
| v. ) | No. 16-3304 |
| ) | |
| **JAMES B. NUTTER & COMPANY,** ) | |
| **SUBSTITUTE TRUSTEE SERVICES, INC.,** ) | |
| **SECRETARY OF HOUSING URBAN** ) | |
| **DEVELOPMENT,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BANKRUPTCY COURTS AUTHORITY TO ENTER FINAL JUDGMENT**

**THIS MATTER** is before the court on the "Motion for Additional Findings of Fact and Conclusions of Law on Bankruptcy Courts [sic] Authority to Enter Final Judgment" ("Motion") filed by the pro se Plaintiffs on January 9, 2017. The Plaintiffs

filed the Motion after the court resolved this adversary proceeding in favor of the Defendants with its January 5, 2017 Order Granting Defendants James B. Nutter & Co. and Substitute Trustee Services, Inc.'s Motion to Dismiss (Doc. No. 7), Denying Plaintiffs' Motion to Join Chapter 13 Trustee as Plaintiff (Doc. No. 12), and Dismissing Complaint in its Entirety.  The complete text of the Motion is as follows:

> Now comes, Elizabeth Cole and Vincent Lineberger, plaintiffs pro se whom hereby moves [sic] the Court pursuant to Bankruptcy Rule 7052 to make additional findings of fact and conclusions of law on whether the Bankruptcy Court has authority to enter final judgment in this adversary proceeding absent consent of all parties pursuant to the Supreme Court's ruling in Stern v. Marshall, 564 U.S.    , 131 S.Ct. 2594 (2011).

While the only relief requested in the Motion is for the court to make additional findings of fact and conclusions of law, the implicit argument in the Motion is that this court does not have authority to enter a final order and/or judgment in this matter. As explained below, the Motion will be granted to the extent of the findings and conclusions contained in this order, which are sufficient for the court to ultimately conclude that there is no issue regarding its authority pursuant to the Supreme Court's opinion in <u>Stern v. Marshall</u>, 564 U.S. 462 (2011), to enter final judgment in this adversary proceeding, and the Motion will be denied to the extent that the Plaintiffs seek any additional

2

findings or conclusions on the academic issue of whether this court could enter a final judgment without the consent of the parties.

### FINDINGS OF FACT

The Plaintiffs commenced this adversary proceeding by filing a "Complaint for Avoidance of Transfers and Recover [sic] Preference Pursuant to 11 U.S.C. 547, 548(b)(1)(B)" ("Complaint") on August 18, 2016. The Complaint includes the following statement: "This action is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (E) and (H), and the Plaintiff consents to the Bankruptcy Court's entry of a final order."

The record of this adversary proceeding does not include a motion filed by the Plaintiffs (or the Defendants) that requests that the court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this court. The court held hearings on the Motion to Dismiss Plaintiffs' Complaint for Avoidance of Transfers and Recover Preference Pursuant to 11 U.S.C. 547, 548(b)(1)(B), a dispositive motion filed by Defendants James B. Nutter & Company and Substitute Trustee Services, Inc., on October 25, 2016 and November 8, 2016.

### CONCLUSIONS OF LAW

In Stern, the Supreme Court of the United States concluded

3

that "[t]he Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 564 U.S. at 503. The Court later gave a somewhat broader definition of the type of claim subject to Stern: a "Stern claim" is "a claim designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." Exec. Benefits Ins. Agency v. Arkinson, 134 S. Ct. 2165, 2170 (2014). While the Court predicted in Stern that its opinion did "not change all that much," Stern, 564 U.S. at 502; id. ("We do not think the removal of counterclaims such as Vickie's from core bankruptcy jurisdiction meaningfully changes the division of labor in the current statute; we agree with the United States that the question presented here is a 'narrow' one" (quoting Brief for United States as Amicus Curiae at 23, Stern v. Marshall, 564 U.S. 462 (2011) (No. 10-179))), courts subsequently struggled with the implications of the opinion and related issues, see Tyson A. Crist, *Stern v. Marshall: Application of the Supreme Court's Landmark Decision in the Lower Courts*, 86 AM. BANKR. L.J. 627, 627 (2012) ("[T]he sheer mass of lower court decisions applying Stern continues to grow."); id. at 628 ("Stern reopened vexing jurisdictional questions, previously thought settled, without providing much

4

guidance on how to answer those questions."). One of the questions in the wake of Stern was whether the problem with the constitutional authority of bankruptcy courts to hear Stern claims could be cured by the consent of the parties. Id. at 647—55. The Court subsequently answered the consent question and held that "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." Wellness Int'l Network v. Sharif, 135 S. Ct. 1932, 1939 (2015). In addition to deciding that litigants could consent to final adjudication of Stern claims by bankruptcy courts, the Court also held that the consent could be express or implied. Id. at 1947 ("Sharif contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be express. We disagree.").

On March 1, 2013, after the Court's decision in Stern and prior to Wellness, this court amended its Local Rules of Bankruptcy Practice and Procedure ("Local Rules"). The Local Rules, as amended, include Local Rule 7007-1 ("Motion Practice in Adversary Proceedings"). Local Rule 7007-1(b) provides that:

> Not later than 14 days before the earlier of the date set for the pre-trial conference or hearing on dispositive motions, each party objecting to the entry of final orders or judgments by the Court on any issue in this proceeding, whether or not designated as "core" under 28 U.S.C. § 157(b), shall file with the Court a motion requesting that this Court determine whether this proceeding is a core proceeding or otherwise subject to the

5

>     entry of final orders or judgments by this Court.  Any such motion shall be treated as an objection to the entry of final orders or judgments by this Court.  **FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING.**

The Plaintiffs have expressly and implicitly consented to this court's resolution of this adversary proceeding.  The Plaintiffs' statement in their Complaint that "the Plaintiff consents to the Bankruptcy Court's entry of a final order" shows that they have expressly, knowingly, and voluntarily consented to this court's final adjudication.  Their failure to file a motion as described in Local Rule 7007-1(b) shows their implied consent.  The Defendants also implicitly consented to the court's entry of a final order or judgment by failing to file a motion pursuant to Local Rule 7007-1(b).  As a result of the parties' consent, this court can enter final orders and/or judgments in this matter on Stern claims[1] pursuant to the Supreme Court's ruling in Wellness.

**CONCLUSION**

While this court grants some latitude to pro se litigants, see El-Bey v. Sycamore Grove HOA (In re El-Bey), Nos. 14-3093, 14-30410, 2014 WL 2987380, at *3—4 (Bankr. W.D.N.C. July 1, 2014), the court takes all parties at their word, whether they

---

[1] The court expresses no opinion on the issue of whether the claims asserted in the Complaint are Stern claims.

are represented by counsel or not. The Plaintiffs told the court in their Complaint and by failing to file a motion pursuant to Local Rule 7007-1(b) that they were happy to have their claims determined by this court. They appear to have changed their minds after the court resolved the adversary proceeding in a manner unfavorable to the Plaintiffs. The Plaintiffs "repeatedly stated to the Bankruptcy Court that [they were] happy to litigate there. [The court] will not consider [their] claim to the contrary, now that [they are] sad." <u>Stern</u>, 564 U.S. at 482. Accordingly, the Motion is hereby **GRANTED** to the extent of the findings of fact and conclusions of law contained in this order and **DENIED** to the extent that the Plaintiffs want the court to further explain issues of consent in relation to <u>Stern</u> claims.

    **SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court